UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD CHARLES OWINGS**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 23-3338**

**ST. TAMMANY PARISH**                                    **SECTION: "J"(5)**

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Richard Charles Owings, against the Defendant, St. Tammany Parish. The civil complaint was filed in May 2023 in the United States District Court for the Middle District of Louisiana. The case was subsequently transferred to this Court. ECF No. 4. In the complaint, Owings alleges various claims stemming from his pending criminal proceedings in the 22nd Judicial District Court for St. Tammany Parish. ECF Nos. 1, 6 (Complaint). Essentially, he complains that he is being illegally detained without a trial or conviction since his 2021 arrest. He raises issues concerning excessive bail, time limitations for trial on the criminal charges, and his continued illegal custody. He alleges violations under the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution stemming from his ongoing state criminal proceedings. He also speculates that the mail room wrongly intercepted two religious books he ordered but never received and complains that he has suffered various medical ailments while imprisoned illegally for the last two years. He requests monetary compensation and injunctive relief. ECF No. 6 at 6, 19-21.

The claims related to his pending state-court criminal proceedings mirror those raised previously in Civil Action No. 23-487 "J" (5), filed against different defendants in this Court in February 2023. In the earlier case naming Sheriff Randy Smith, District Attorney Colin Sims, and Judge William Burris, by Order and Judgment entered August 18, 2023, Plaintiff's habeas claims were dismissed without prejudice for failure to exhaust state-court remedies, and the Section 1983 claims were dismissed with prejudice as frivolous, failing to state a claim on which relief may be granted, and for requesting monetary relief against immune defendants. The instant matter, Civil Action No. 23-3338, was transferred to Section "J" (5) as related to the earlier civil matter.   ECF No. 15.

Federal law requires that federal district courts promptly review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss the complaint if it is malicious. 28 U.S.C. § 1915A(a), (b)(1); 28 U.S.C. § 1915(e)(2)(B)(i). The United States Fifth Circuit has made it clear that a duplicative complaint is malicious if it asserts claims previously asserted by the plaintiff in another lawsuit, either pending or resolved, even if it adds new or different defendants. *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) ("A case is duplicative if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.' "); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of successive complaint suing different defendants but repeating the same factual allegations asserted in earlier case).

Owings' complaint repeats the same allegations he made in a prior case, although his latest complaint names St. Tammany Parish, rather than the Sheriff, D.A., and Judge involved in the pending criminal proceedings in St. Tammany Parish. Owings admits that he has begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to his imprisonment and he references Civil Action No. 23-487 "J" (5). ECF No. 6 at 1-2. In that earlier civil lawsuit, he raised identical claims concerning his purported illegal confinement since his arrest in 2021. That lawsuit was recently dismissed with prejudice as frivolous, for failing to state a claim upon which relief can be granted, and/or seeking monetary relief against an immune defendant. *Richard Charles Owings v. William J. Burris, et al.*, Civ. Action No. 23-487 "J"(5) (E.D. La.). Owings did not object to the report and recommendation in that case even though he was given ample opportunity to do so. Instead, he filed a corrected complaint form in Civil Action No. 23-3338, asserting the same claims against a different defendant. For the reasons expressed, the duplicative claims rejected in the earlier lawsuit and now asserted against a different defendant are repetitive and should be dismissed as malicious.

Furthermore, liberally construing this lawsuit, it should be dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted. As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 7, 10. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v.*

3

*Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).  S*ee also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c).

Owings seemingly implies that if the criminal charges against him should be quashed under state law for all the reasons he claims, then his continued detention is illegal.  To the extent Owings indicates that he is being illegally detained in custody, a release from custody is not an available remedy under § 1983.  *Kimble v. Jefferson Par. Sheriff's Off.*, Civ. Action No. 22-30078, 2023 WL 1793876, at *2 (5th Cir. Feb. 7, 2023) (upholding dismissal of speedy trial, ineffective assistance and due process § 1983 claims, which should have been pursued through habeas proceedings, as frivolous and for failure to state a claim for which relief can be granted under § 1983); *see also Smith v. Lafourche Par.*, Civ. Action No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); accord *Lerille v. Lafourche Par.*, Civ. Action No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).  If a state prisoner is not "in custody pursuant to the judgment of a state court" because he has not yet been convicted, a habeas corpus petition by such a prisoner is properly brought under 28 U.S.C. § 2241.  *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Insofar as the claims presented here may be construed as challenging the fact and duration of his confinement and requesting *habeas corpus* relief, in the absence of any evidence Owings has exhausted his claims for

relief,[1] the claims should be dismissed without prejudice.  *See Brignac v. Smith*, Civ. Action No. 15-4907, 2016 WL 3033543, at *3 (E.D. La. Jan. 14, 2016), *report and recommendation adopted*, 2016 WL 3020855 (E.D. La. May 26, 2016).

To the extent that Owings might seek a federal-court order directing the state-court judge presiding over his state criminal proceedings to act concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought.  *Hood v. Commissioner Foil*, Civ. Action No. 13-5853, 2013 WL 6174614, at *3 (E.D. La. Nov. 21, 2013) (citing *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001); *Santee v. Quinlan*, Civil Action No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), *aff'd*, 115 F.3d 355, 356-57 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Moye v. Clerk*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Lamar v. 118th Jud. Dist. Ct.*, 440 F.2d 383, 384 (5th Cir. 1971); *White v. Stricklin*, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); *Norman v. La. S. Ct.*, No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.)).  This court lacks the authority to interfere with the orders of the state-court judges having jurisdiction over Owings' criminal charges.  *Id*.

Moreover, the claim against the sole Defendant, the Parish of St. Tammany, is frivolous and fails to state a claim for relief under § 1983.  A parish is a local governing body that is considered to be a "person" within the meaning of § 1983.  *Monell v. Dept. of Social*

---

[1] ECF No. 6 at 1, Complaint, I(A) (indicating his only other lawsuit, filed in federal court relating to his imprisonment, was dismissed with prejudice).

*Services*, 436 U.S. 658, 690 (1978).  However, a governmental body like St. Tammany Parish may be held liable under § 1983 only where the execution of an unconstitutional policy or custom proximately causes a plaintiff's injuries.  *Id.* at 694-95; *Carter v. Strain*, Civil Action No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009) (quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)).  "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity.'"  *Id.* (quoting *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993)).  Rather, the plaintiff "… must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights."  *Id.* (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)).  As Owings does not allege that the purported deprivation of his constitutional rights resulted from a policy or custom, much less identify any such policy or custom, any § 1983 claim against St. Tammany Parish should be dismissed as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii). [2]  *Authement v. Parish of Terrebonne*, Civil Action No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010), *adopted*, 2010 WL 1930938 (E.D. La. May 10, 2010).

Even if he had named a proper defendant, and the Court were to liberally construe his speculation that the prison mail room wrongly intercepted his religious books as a claim that

---

[2] As to any conclusory allegations concerning his ongoing state criminal charges and related proceedings, claims "related to rulings that will likely be made in a pending or anticipated criminal trial," would at best warrant a stay until the related criminal proceedings concluded.  *See Wallace v. Kato*, 549 U.S. 384, 393 (2007).  Here, however, he has not named any proper defendants.

6

his First Amendment right to free exercise of religion was violated, the claim is frivolous and fails to state a claim for which relief could be granted under § 1983.[3]  The Free Exercise Clause of the First Amendment states that "Congress shall make no law respecting an establishment of religion." U.S. Const. Amend. I.  The United States Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. *See Everson v. Bd. of Educ.*, 330 U.S. 1, 15 (1947).  To establish a free exercise claim under the First Amendment, a plaintiff must show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief.  *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989).

Here, Owings alleges that he ordered three free religious books by mail sometime in October 2022, but received only one of the three books; thus, because the other two never arrived, he "presume[s] marked 'refused' to be returned, or thrown away" and "believe[s] the St. Tammany Sheriff's Department mail room was at fault." ECF No. 6 at 11-12.  He fails to allege any prison practice or policy at issue, and the fact that he received one of the three books is evidence that no such practice exists.  He has not alleged that prison officials prohibited him from practicing his religion.  He complains only that he did not receive two free religious books he ordered by mail, and the allegation that the books were actively refused is purely speculative and conclusory.  Thus, to the extent he asserts a First

---

[3] He raises this issue in a "sworn statement of facts." ECF No. 6 at 11. It is unclear whether he intended it as an independent claim for relief under Section 1983.  The same is true of his medical complaints.  ECF No. 6 at 27-32.

7

Amendment claim, it should be dismissed as frivolous and for failure to state a claim for relief under § 1983.

Similarly, even if he were attempting to assert a claim about his medical conditions, which is questionable given the context in which it was raised, nothing in his written submissions indicates that the medical conditions he described suffering in prison over the two years were the result of a prison official's act or omission. To the extent he attempts to link his medical problems to the alleged continuing purported illegal confinement or suggests that he is being denied release despite his ailing health, his allegations advance a legally frivolous argument and fail to state a claim for relief under § 1983.

## **RECOMMENDATION**

For the foregoing reasons, to the extent it can be construed as a request for federal *habeas corpus* relief, it is recommended that the habeas claim be dismissed without prejudice for failure to exhaust available state court remedies. Further, it is recommended that Owings' § 1983 claims be **DISMISSED WITH PREJUDICE** as duplicative and malicious and/or legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this __4th__ day of __December__, 2023.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.